DISTRICT COURT OF GUAM

TERRITORY OF GUAM

**IN THE MATTER OF MAJESTIC BLUE FISHERIES, LLC, AS OWNER OF THE F/V MAJESTIC BLUE PETITIONING FOR EXONERATION FROM OR LIMITATION OF LIABILITY,**

        **Petitioner.**

CIVIL CASE NO. 11-00032

ORDER

The court heard Petitioner's Motion to Compel Arbitration of this action against Claimant Esther Yang or in the alternative for Summary Judgment on May 28, 2014. At the conclusion of the hearing, the court took the matter under advisement. Having read the moving papers, the memoranda in opposition, the reply and having further heard from counsel of both parties, the court hereby enters its decision and order with regard to the said motion.

BACKGROUND

On December 9, 2010, Petitioner, the owner of the fishing vessel Majestic Blue, filed a complaint[1] for exoneration and limitation of liability in this court. Therein, Petitioner sought to limit its liability under 46 U.S.C.A. § 30505, for all damages occasioned by the sinking of its vessel the Majestic Blue on June 10, 2010. Two of the vessel's crew members, Captain David Hill and Chief Engineer Chang Yang, lost their lives when the vessel sank.

On February 24, 2012, the Clerk of Court gave Notice to all parties of the action brought by Petitioner for exoneration from or limitation of its liability. The Notice directed all claimants desiring to contest the right to exoneration or limitation of liability to file an answer to the petition by March 30, 2012. Claimant Amy Hill filed an answer to the petition on March 30 and

---

[1] See Civil Case No. 10-032.

claimed her right to entitlement to the limitation fund. Claimant Esther Yang filed an answer to the petition on June 14, 2013 and also claimed her right to entitlement to the limitation fund.

On October 1, 2013, the parties stipulated to allow the late claim[2] filed by Esther Yang. In the stipulation, the parties agreed that Petitioner's consent to allow a late claim was not a waiver of any of its defenses to the claim or "any argument made or yet to be made in support of Petitioner's motion to continue trial."

On October 30, 2013, the parties agreed to submit this matter for trial on documents and exhibits which the parties agreed to in lieu of the presentation of live testimony. The stipulation also required the court not to consider any other matter not previously agreed to by the parties. The court thereafter approved the stipulation.

The trial was therefore to move forward with the court based upon the agreed-to written submissions alone, and no others.

The trial occurred herein on November 18, 2013 and concluded on the same date.

On February 12, 2014, Petitioner filed its Motion to Compel Arbitration or in the alternative for Summary Judgment against Claimant Esther Yang. On February 26, Claimant Yang moved to strike the motion. On March 10, Petitioner opposed the motion to strike.

On April 1, 2014, the court denied the motion to strike and ordered Yang to file an opposition to the motion. By agreement of the parties, Yang filed her opposition[3] on April 22. Petitioner requested the court additional time to respond to the opposition and thus it filed its reply on May 21, 2014. The court heard oral arguments on May 28, 2014.

## DISCUSSION

Petitioner's motion to compel Yang to arbitrate this matter and alternatively for Summary Judgment are based upon the following facts:

---

[2] At a prior hearing, the court had observed that Yang had filed a late claim and did not allow her to participate in that proceeding. The court noted that Claimant Yang needed to file a motion to allow the filing of a late claim or in the alternative to obtain a stipulation from Petitioner.

[3] Yang was granted leave to file up to 45 pages in her response brief from the 20-page memoranda limit set forth in Local Rule 7.1(g).

1. Chang Yang entered into an employment contract with Majestic Blue on March 23, 2010 to work on board the vessel as its Chief Engineer. The employment contract had an arbitration agreement. Yang died during the course of his employment when the Majestic Blue sank in the Pacific Ocean on June 10, 2010.

2. On July 23, 2010, Claimant Esther Yang entered into a Settlement Agreement with Majestic Blue in which she received 230,846,227 Korean Won for the death of her husband.

3. The Settlement Agreement included a provision that the family will not file any civil or criminal suit as a result of the accident. The family also agreed not to disclose any details of the agreement.

4. On June 14, 2013, Esther Yang filed a claim in this action for the death of her husband.

It is Petitioner's contention that Yang's claims herein are subject to resolution by arbitration. This is premised upon Paragraph 8 of its employment agreement with Yang which contained a mandatory binding arbitration clause. All claims that conceivably could be arbitrated including claims for death were included in Paragraph 8.

As an alternative, Petitioner requests the court to dismiss Yang's claim for entitlement with respect to the Limitation Fund based upon her execution of a Settlement Agreement with Petitioner in which she received 230,846,227 Korean Won.

In her opposition, Yang asserts that Petitioner waived its right to arbitration by availing itself of the special limitation of liability proceeding and by its failure to give notice to Yang that she and her children might have certain rights, including arbitration, against Petitioner and by its failure to provide her with notice of this limitation action as required by Supp. R. F (4). Yang also challenges the validity of the employment contract her husband executed and asserts that the arbitration provision is void as a matter of public policy.

With regard to the Settlement Agreement, Yang argues that Petitioner failed to meet its heavy burden in showing that the Settlement Agreement was executed freely, without deception and coercion, and with a full understanding of her rights.

When asked by the court whether its motion was timely made, Petitioner responded that

it had not waived any defenses it had against Yang by its agreement to allow her late filing. It appears to the court that Petitioner did reserve its right to file upcoming dispositive motions in which it could raise its defenses against Yang since the deadline previously set by the court for filing dispositive motions had already passed. Thus, Petitioner was not bound or held to any deadline for filing motions in relation to its defenses to Yang's claim other than those set forth in the Federal Rules of Civil Procedure.

In determining whether Petitioner's motion was timely filed, the court takes notice of the provisions of Rule 12(h) of the Federal Rules of Civil Procedure. Under Rule 12 (h)(2), a party must raise a failure to state a claim upon which relief can be granted or any legal defense to a claim no later than at trial. In *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S. Ct. 1235 (2006), the U.S. Supreme Court stated that an objection that a complaint fails to state a claim for relief may not be asserted post-trial. Such an objection endured only up to trial on the merits of the case and not beyond. "A defense of failure to state a claim upon which relief can be granted...may be made in any pleading...or by motion for judgment on the pleadings, or at trial on the merits. Cf. Kontrick, 540 U.S., at 459, 124 S. Ct. 906."

Plaintiff Jenifer Arbaugh filed claims of sex discrimination against Defendant Y & H Corporation under Title VII of the Civil Rights Act of 1964 and Louisiana law in the Eastern District of Louisiana on November 18, 2001. The matter was tried before a jury on October 28 and 29, 2002. The jury rendered a verdict for Arbaugh and judgment was entered accordingly. On November 9, 2002, Y & H Corporation filed a motion to dismiss the action contending that it did not qualify as an employer under the Act since it did not employ fifteen or more employees in either 2000 or 2001. The trial court granted Y & H's motion concluding it had no subject-matter jurisdiction. The Court of Appeals for the Fifth Circuit affirmed. The U.S. Supreme Court reversed and held that the employee-numerosity requirement for establishing the employer's status was an element of Arbaugh's claim for relief, whose satisfaction was conceded when Y & H Corporation did not challenge it prior to the trial on the merits.

///

///

The motion[4] brought by Petitioner is one that does not challenges the subject-matter jurisdiction of this court. The motion relates to the ability of Claimant Yang to obtain the relief which she seeks in her claim, i.e., the ability to contest the petition for exoneration and limitation of liability and her right to participate in the limitation fund. Issues that encompass the arbitration agreement signed by her deceased husband and the Settlement Agreement which she executed relate to her ability to seek the relief which she claims herein. Under *Arbaugh*, supra, those defenses must be raised by Petitioner at trial and not afterwards.

The court finds that Petitioner did not raise these issues at trial. The trial concluded on November 18, 2013 and Petitioner did not file the present motion until February 12, 2014, almost three months after its conclusion.

Petitioner, however, did file on November 13, 2013, a Notice of Intent to file a Summary Judgment motion or alternatively to compel Claimant Yang to arbitrate her claims herein. Pursuant to Rule 12(h)(2), the motion had to be filed on or before November 18, 2013 because the defenses raised therein relate to the ability of Claimant Yang to obtain the relief which she seeks herein.

As the court has noted above, Petitioner's motion is one that does not seek a dismissal of this action because the court lacks subject-matter jurisdiction. Defenses that relate to subject-matter jurisdiction may be raised at any time. It may be raised for the first time through a post-trial motion or on appeal.

Clearly, this court has subject-matter jurisdiction of this action under the Limitation of Shipowners' Liability Act (46 U.S.C. § 30505). The action was brought in this court by Petitioner to limit its liability with regard to the loss of its vessel, the Majestic Blue. In filing the action, Petitioner recognized that this court had subject-matter jurisdiction.

///

---

[4] Petitioner's Motion to Compel Arbitration and alternative Motion for Summary Judgment also requires the court to look at submissions not agreed to by the parties for use by the court for the purpose of making its decision herein. Consideration by the court of the said submission would be in violation of the stipulation entered into between the parties.

CONCLUSION

The court finds that Petitioner's Motion to Compel Arbitration or alternatively for Summary Judgment is one that does not relate to its subject-matter jurisdiction. It relates to the ability of Claimant Yang to pursue the relief which she seeks in her claim filed herein. Under Federal Rule of Civil Procedure 12(h)(2), defenses that relate to a failure to state a claim upon which relief can be granted must be raised at trial. Petitioner did not bring its Motion to Compel Arbitration and alternatively for Summary Judgment at trial or prior to the November 18, 2013 trial date. Petitioner filed its motion on February 12, 2014. As a result, the court finds that Petitioner has waived its defenses against Claimant Esther Yang with regard to the limitation of liability action herein.

The court, thus, finds it unnecessary to address the other arguments made by Claimant Yang in her opposition to above motion.

Petitioner's Motion to Compel Arbitration and alternatively for Summary Judgment is hereby denied.



/s/ Joaquin V.E. Manibusan, Jr.
U.S. Magistrate Judge
Dated: Jun 11, 2014